UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,         Case No. 99-cr-82-pp

    Plaintiff,

v

THEODORE GLORE,

    Defendant.

---

## ORDER DENYING MOTION TO CORRECT OR AMEND JUDGMENT WHICH IS IN ERROR (DKT. NO. 100)

---

In July 1994, a grand jury indicted the defendant on drug charges. United States v. Glore, 94-cr-102, dkt. no. 13. The defendant pled guilty to those charges on September 6, 1994, id. at dkt. no. 38, but withdrew the guilty plea on October 14, 1994, id. at dkt. no. 48. The case was assigned to a new judge, and the defendant pled guilty again. Id. at dkt. no. 50. On December 13, 1994, Judge Evans sentenced the defendant to serve forty-six months in custody, with credit for time served since June 23, 1994. Id. at Dkt. No. 59.

On May 11, 1999, a grand jury indicted the defendant on new, different drug charges. United States v. Glore, 99-cr-82, dkt. no. 4. After a two-day trial, a jury found the defendant guilty. Id. at dkt. no. 29. On October 5, 1999, Judge Clevert sentenced the defendant to serve 276 months in custody. Id. at dkt. no. 33. Judge Clevert specifically stated that after the defendant finished serving the 276-month sentence he had just imposed in the 1999 case, he was to begin

serving the forty-six month sentence Judge Evans had given him in the 1994 case. Id. The original order of judgment, dated October 5, 1999, states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred seventy-six months as to Count One. After serving this term, the defendant shall begin serving his term in case no. 94-CR-102.

Id. at Dkt. No. 33, p. 2. The defendant appealed, id. at dkt. no. 34; the Seventh Circuit dismissed the appeal, id. at dkt. no. 44.

The defendant has raised a number of challenges to Judge Clevert's sentence over the past fifteen years.[1] He has filed motions to vacate or set aside his sentence in both the 1994 and 1999 cases; neither motion was successful. He has sought retroactive application of various Sentencing Guideline amendments over the course of the 1999 case; he made the most recent request in May 2015, asking for an Amendment 782 reduction. Dkt. No. 89. The court denied that motion on February 24, 2016, because the defendant had been sentenced as a career offender. Dkt. No. 98. His mother, who is very ill, has asked the court to release the defendant early. Dkt. No. 99.

Now, over seventeen years after Judge Clevert sentenced the defendant, the defendant asks the court to amend the October 5, 1999 judgment Judge Clevert issued. Dkt. No. 100. He does not cite to a law that would authorize the court to do what he asks. The only rule the court is aware of that allows a court to correct or reduce a sentence is Federal Rule of Criminal Procedure 35.

---

[1] Judge Clevert is retiring as of March 31, 2017. All of his criminal cases were reassigned to other judges some eighteen months ago, as he began to wind down his case load. This case was reassigned to Judge Pepper.

That rule says that within fourteen days after sentencing, a court may correct "a sentence that resulted from an arithmetical, technical or other clear error." The fourteen-day period to which the rule refers has long passed. Even if it were not far too late for the court to amend or "correct" the defendant's sentence, there is nothing for this court to "correct" in Judge Clevert's October 5, 1999 judgment.

The defendant states that the Bureau of Prisons is incorrect in its calculation of his "90 day PLRA sentence." Dkt. No. 100 at 2. As far as this court is aware, "PLRA" is an acronym for the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.* That statute requires prisoners to exhaust their administrative remedies before bringing civil rights suits under 42 U.S.C. §1983. It is not clear what the PLRA has to do with the issue the defendant raises.

At any rate, the defendant refers to his "90 day PLRA sentence for 'contempt of court' . . . ." Dkt. No. 100 at 2. It appears that he refers to an incident that occurred in the summer of 1999. In June of 1999, the defendant asked Judge Clevert to allow him to fire his lawyer and obtain another one. Dkt. No. 8. After a discussion off the record, Judge Clevert granted that request. <u>Id.</u> Only days later, the defendant filed a letter asking to change counsel again. Dkt. No. 10. After some back and forth between the court and the defendant, Judge Clevert held a hearing on the request. Dkt. No. 14. At that hearing, the court found the defendant in contempt. <u>Id.</u>

On October 5, 1999, Judge Clevert sentenced the defendant to serve ninety days in custody for his conduct at the July 7, 1999 hearing. Dkt. No. 31. He explained in the sentencing order that at the June hearing, the defendant had intentionally thrown or knocked over the microphone at the defense table, had cursed, and had shouted, ending in the marshal having to retrain him. Id. at 1. As a result of this behavior, the court issued the following contempt sentence: "Consequently, I sentence Theodore Glore, defendant in the above-entitled case [case no. 99-cr-82], to 90 days imprisonment for the aforesaid conduct, to be served concurrently with the sentence in case number 94-CR-102." Id. at 2.

Looking at this order in combination with the October 5, 1999 judgment, one sees that Judge Clevert sentenced the defendant to serve 276 months in the 1999 case. He ordered that once the defendant finished serving the 276 months in the 1999 case, he was to start serving the forty-six months Judge Evans had imposed in the 1994 case, *and* he was to serve the ninety-day contempt sentence at the same time that he served the forty-six month sentence in the 1994 case.

In his motion, the defendant "contends that this court intended for his 90 day PLRA sentence for 'contempt of court' to run concurrent to his 276 month sentence." Dkt. No. 100 at 1. That is not what Judge Clevert's October 5, 1999 judgment says, and it is not what the October 5, 1999 contempt order says. Rather, Judge Clevert's October 5, 1999 contempt order says that the defendant was to serve his ninety-day contempt sentence concurrently with the

4

forty-six month sentence Judge Evans imposed, and that the defendant was to start serving *that* sentence *after* he finished the 276-month sentence Judge Clevert imposed.

The defendant also states in his motion that "[t]he federal bureau of prisons has mistakenly concluded that the court ordered a consecutive 18 month sentence for the contempt of court . . . ." Id. at 2. He indicates that because of this "mistaken conclusion," "the judgment must be clarified or amended to reflect the court's intention." Id.

The court has no way of knowing what the BOP has or has not concluded. What it *does* know is that there is one other document on the docket from the October 5, 1999 sentencing hearing. That document is referred to as the "court minutes." Dkt. No. 32. Court minutes are notes that the court's staff takes, giving a short summary of what happened at a hearing. In the minutes from the October 5, 1999 hearing, Judge Clevert's staff member wrote, "As a result of defendant's disruptive behavior during the pretrial conference on July 7, 1999, the court found Mr. Glore in criminal contempt, and sentenced him to 90 days imprisonment to run concurrent with his sentence of 18 months in Case NO. 94-CR-102." Id.

As far as this court can tell, Judge Clevert's staff member made an error in those minutes. She referenced the defendant's "sentence of 18 months in Case No. 94-CR-102." Id. But the defendant did not receive an eighteen-month sentence from Judge Evans in case no. 94-cr-102. He received a sentence of forty-six months in that case, and Judge Clevert later imposed the ninety-day

5

contempt sentence in 99-cr-82 to run concurrently with the forty-six month sentence in 94-cr-102.

Minutes are helpful to judges in going back and recalling what happened at earlier hearings. They also are helpful memory refreshers for parties and their lawyers. But they are just that—notes. They do not take the place of signed orders. The court notes that the erroneous language from the court minutes—the language referring to a sentence of "18 months" in the 1994 case—also appears on the electronic docket, which people outside the district court (such as, perhaps, the Bureau of Prisons staff) can see if they have a PACER registration. The court does not know, but perhaps if the BOP staff looked simply at the notes on PACER, they might somehow have come to the conclusion that someone, somewhere along the way, had sentenced the defendant to serve eighteen months for something. That conclusion would be incorrect; neither Judge Evans nor Judge Clevert sentenced the defendant to serve eighteen months.

The October 5, 1999 judgment from Judge Clevert is clear that the defendant was to serve his 276-month sentence first, and then the forty-six month sentence from Judge Evans afterward. The October 5, 1999 contempt order from Judge Clevert is clear that the defendant was to serve the ninety-day sentence for contempt concurrently with the forty-six month sentence from Judge Evans, which the defendant must serve consecutively to the 276-month sentence from Judge Clevert. There is nothing in either of those orders for the

court to "amend" or to "correct." For that reason, the court will deny the defendant's motion.

The court is, however, enclosing with this order a copy of the October 5, 1999 judgment of 276 months, and a copy of the October 5, 1999 contempt order imposing a sentence of ninety days to be served concurrently with the forty-six month sentence in the 1994 case. These documents may be of assistance to the defendant if, as he believes, the BOP has made an error in calculating how he is to serve his sentence.

The court **DENIES** the defendant's Motion to Correct or Amend Judgment Which Is In Error. Dkt. No. 100.

Dated in Milwaukee, Wisconsin this 24th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge


ENCL.: