UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 99-cr-82-pp

THEODORE MALCOLM GLORE,

    Defendant.

---

**ORDER CONSTRUING DEFENDANT'S LETTER AS A MOTION TO RECONSIDER AND DENYING THAT MOTION (DKT. NO. 103), CLARIFYING THE COURT'S JANUARY 24, 2017 ORDER, AND DENYING REQUEST TO ORDER TRANSFER TO ANOTHER INSTITUTION (DKT. NO. 104)**

---

Over the years, the defendant has filed many challenges to the judgments Judge Clevert entered in his 1994 and 1999 criminal cases. Dkt. No. 101 at 2. On January 20, 2017, the defendant filed a motion to "correct or amendment judgment which is in error." Dkt. No. 100. The defendant explained that the Federal Bureau of Prisons had mistakenly concluded that the court ordered a consecutive eighteen-month sentence for contempt of court and insisted that the court needed to clarify the judgment to reflect Judge Clevert's intent. Id. at 2. This court denied the defendant's motion four days later, explaining that the defendant did not cite law authorizing the court to amend the October 5, 1999 judgments docketed in his 1994 and 1999 cases. Dkt. No. 101. The court also explained that Judge Clevert clearly intended to

1

that the 1994 revocation sentence be served *consecutive* to the sentence imposed in the 1999 case. Id.

Five days later, the court received from the defendant a letter saying that the court had made a clerical error regarding the judgment in Case Co. 94-cr-102. Dkt. No. 103. He claims to have a docket that will show that Judge Clevert did not sentence him to a consecutive forty-six-month sentence, but rather that Judge Clevert imposed an eighteen-month sentence for the supervised release revocation. More recently, the defendant's mother filed a letter asking that her son be transferred to a facility closer to her home—a request she has made before. Dkt. No. 104.

I. **Defendant's Letter Request Regarding Clerical Error (Dkt. No. 103)**

The defendant has not cited any law—any case or statute or rule—that would allow the court to do what he is asking it to do. Perhaps the defendant intended to file a motion to reconsider. No federal rule or statute allows a motion to reconsider in a criminal case, but the Seventh Circuit has acknowledged that "reconsideration motions are accepted as a common-law practice." U.S. v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014). Even so, the defendant would be asking the court to reconsider its decision on a motion to alter or amend judgments that Judge Clevert entered almost twenty years ago. This court cannot modify a term of imprisonment once it is imposed unless the *Bureau of Prisons* files a motion, 18 U.S.C. §3582(c)(1)(A), or the applicable guidelines change, §3582(c)(2), or a statute or Rule 35 of the Federal Rules of Criminal Procedure authorize a modification, §3582(c)(1)(B). Rule 35 allows the

2

court to modify a sentence resulting from an arithmetical, technical or other clear error within fourteen days after the sentence is orally announced. Fed. R. Crim. P. 35(a). Needless to say, it has been far more than fourteen days since Judge Clevert pronounced sentence.

The court also notes that the defendant has not alleged that Judge Clevert made any error in issuing the two judgments. Rather, he expresses concern that the Bureau of Prisons has not properly *interpreted* the judgments. As the court previously explained to the defendant, the court has no way of knowing what the Bureau of Prisons has or has not concluded about his October 5, 1999 judgment of conviction entered in 99-cr-82 and the revocation judgment entered that same day in 94-cr-102. Dkt. No. 101 at 5.

That said, the court has reviewed its order dated January 24, 2017, and agrees with the defendant that the court's discussion requires some correction. The court referred to Judge Clevert's intent that the defendant serve a forty-six-month sentence after he finished serving the 276-month sentence. Dkt. No. 101 at 1, 2, 4, 5, 6, 7. Looking back at the record and the judgments entered on October 5, 1999, the court recognizes its error and will clarify the prior decision in the hope that it resolves any ambiguity for the defendant or the Bureau of Prisons.

Judge Clevert did not sentence the defendant to serve the previously imposed forty-six-month sentence in Case No. 94-cr-102. Judge *Evans* imposed that forty-six-month sentence in 1994. While the defendant was on supervised release following that sentence, he committed the offense charged in

3

Case No. 99-cr-82. Then, during his final pretrial conference, the defendant "intentionally threw or knocked the microphone from defense table causing it to break; he cursed, shouted, and had to be restrained by deputy U.S. Marshals, thereby delaying and disrupting the proceeding." Case No. 99-cr-82, dkt. no. 31. On October 5, 1999, Judge Clevert entered an order of contempt and two judgments. Judge Clevert sentenced the defendant to serve 276 months in Case No. 99-cr-82, revoked the defendant's supervised release in Case No. 94-cr-102, and imposed a revocation sentence of eighteen months in the 1994 case. Dkt. Nos. 31-33. The order of contempt entered that same day required the defendant to serve ninety days concurrent with the eighteen-month sentence in Case No. 94-cr-102. Dkt. No. 31.

The court will provide the defendant with copies of the sentencing minutes, the two judgments and the order of contempt. The revocation judgment entered on October 5, 1999, in Case No. 94-cr-102 states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of eighteen months. The defendant shall serve this sentence CONSECUTIVE to the term served in case number 99-cr-82.

Case No. 94-cr-102, dkt. no. 93 (emphasis in original).

Similarly, the hearing minutes in Case No. 99-cr-82 state that Judge Clevert sentenced the defendant to 276 months imprisonment, and ninety days imprisonment to run concurrent with his sentence of eighteen months in Case No. 94-cr-102. Case No. 99-cr-82, dkt. no. 32.

The judgment entered in Case No. 99-cr-82 states as follows:

4

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two-hundred seventy-six months as to count one. After serving this term, the defendant shall begin serving his term in case no. 94-cr-102.

Case No. 99-cr-82, dkt. no. 33.

Finally, Judge Clevert entered an order of contempt in Case No. 99-cr-82 at the same time he entered the revocation judgment in Case No. 94-cr-102. Dkt. No. 31. Judge Clevert sentenced the defendant to ninety days concurrent with the sentence he imposed in Case No. 94-cr-102. Id. at 2. In entering the order of contempt, Judge Clevert complied with Fed. R. Crim. P. 42(b). Id.

## II. Letter Requesting Transfer to Another Facility (Dkt. No. 104)

As the court has told the defendant's mother before, the court lacks the authority to order the Bureau of Prisons to move the defendant to a particular facility. See 18 U.S.C. §3621(b)("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.") At the time of sentencing, the court can recommend or request placement at a facility; the judgment in Case No. 99-cr-82 reflects Judge Clevert's recommendation that the defendant be placed at the Federal Medical Center in Rochester, Minnesota. Dkt. No. 33. But the Bureau of Prisons does not have to follow that recommendation, and a court cannot order the Bureau of Prisons to transfer or house the defendant at a designated facility. Congress has left the decision about where to place convicted federal inmates *solely* in the hands of the Bureau of Prisons. If the defendant, or his mother, believe that he needs to be moved because of his mother's health

5

condition, or for any other reason, they should discuss that with the Bureau of Prisons. This court cannot help them.

The court will not respond to any further letters asking it to transfer the defendant to a different facility.

### III. CONCLUSION

The court **CONSTRUES** the defendant's letter as a motion to reconsider the court's January 24, 2017, order denying his motion to correct or amend judgment. Dkt. No. 103.

The court **DENIES** the defendant's motion to reconsider. Dkt. No. 103.

To the extent this court referenced a forty-six-month sentence in the January 24, 2017, the court **CLARIFIES** that Judge Clevert stated his intent to impose a 276-month sentence, a consecutive eighteen-month revocation sentence, and a contempt sentence of ninety days concurrent with the eighteen months.

The court **DENIES** the letter request to order the defendant transferred to another institution. Dkt. No. 104.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**