UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                                            Case No. 99-cr-82-pp

THEODORE GLORE,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S REQUEST TO MODIFY AMENDED JUDGMENT (DKT. NO. 123), VACATING AMENDED JUDGMENT OF FEBRUARY 25, 2019 (DKT. NO. 111) AND AMENDING JUDGMENT TO FURTHER REDUCE SENTENCE UNDER THE FIRST STEP ACT TO A DETERMINATE SENTENCE OF 221 MONTHS**

---

      The court thanks the probation office for providing a second supplement to the presentence investigation report. Dkt. No. 133. That document verifies the court's calculations as to what the sentencing guidelines would have been had the Fair Sentencing Act of 2010 been in effect at the time of the defendant's offense—Level 32 in criminal history category VI, for a guideline range of 210 to 262 months, with a statutory maximum penalty of 240 months, for an effective sentencing range of **210 to 240 months.**

      The court is also grateful for the probation office's assistance in clearing up the court's confusion with the Bureau of Prisons' document showing how the BOP calculated the "time served" sentence the court imposed on February 25, 2019. Dkt. Nos. 110, 111. The probation office's supplement, along with this court's re-reading of all the pleadings defense counsel has filed over the

1

past three months, has helped the court to understand the crux of the defendant's argument. The court believes that once it sets aside all of the legal arguments the defendant has made and the court has rejected, the heart of the defendant's request for reconsideration of the time-served sentence is this: If Congress and the President intended the First Step Act of 2018 to allow defendants sentenced to harsh sentences as a result of the racially disparate impact of the 100:1 powder-to-crack ratio to obtain reduced sentences that might, to some extent, remedy that disparity, then the court's time-served sentence for this defendant does not manifest that intent. Here's why:

Because the defendant has done well in custody and earned over thirty-one months of good-time credit, his pre-First Step reduction release date was scheduled for January 18, 2021—even after he served the eighteen-month sentence Judge Clevert imposed for the revocation of his supervised release in his 1994 case. When the court imposed the "time-served" sentence on February 25, 2019, however, the Bureau of Prisons did not subtract the thirty-one months of good-time credit from the 237 months and nineteen days the defendant had served as of that date. Rather, it "credited" that time to the "time-served" sentence, and showed that as of February 25, 2019, the defendant had served 268 months and twenty-nine days in custody. It then started the defendant's eighteen-month revocation sentence running that same day. Even with credit earned against *that* sentence (which the BOP predicts the defendant will earn), the resulting calculation moved the defendant's release date up by only seven months. If the Fair Sentencing Act of 2010 had been in

effect when the defendant committed his crime, and if Judge Clevert had sentenced him within the guideline range of 210 to 240 months, and the defendant had earned the same thirty-one months of good-time credit, he would have been released by now.

The court agrees that the "time-served" sentence did not effectuate the intent of the First Step Act.

The court **GRANTS** the defendant's request for a modification of the February 25, 2019 amended sentence. Dkt. No. 123.

The court **VACATES** the amended judgment entered February 25, 2019. Dkt. No. 111.

The court **IMPOSES** an amended, reduced sentence of **221 months** in custody in Case No. 99-cr-82—a sentence that is within the guideline range to which the defendant would have been subject had the Fair Sentencing Act of 2010 been in effect when the defendant committed his offense.

The court will enter an amended judgment reflecting this sentence.

Dated in Milwaukee, Wisconsin this 30th day of April, 2019.

                              **BY THE COURT:**

                              _____

                              **HON. PAMELA PEPPER**
                              **United States District Judge**